# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WILLE DAVIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Barnes Jewish Health System )<br>D/B/A BJC HealthCare )<br>Serve:  CSC-Lawyers )<br>      Incorporating Service Company. )<br>      221 Bolivar Street, Jefferson City )<br>      Missouri 65101 )<br>)<br>and, )<br>)<br>LIFE INSURANCE COMPANY )<br>OF NORTH AMERICA )<br>D/B/A CIGNA INSURANCE GROUP )<br>Serve At: )<br>      1601 Chestnut Ave. )<br>      Two Liberty Place )<br>      Philadelphia, PA 19192 )<br>)<br>)<br>Defendant. ) | Case No.: 4:21-cv- 1201 |

## COMPLAINT

COMES NOW, Plaintiff Willie Davis, by and through counsel, Bollwerk & Tatlow LLC, and for his Complaint states as follows:

## JURISDICTION AND VENUE

1.  This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 USC Sec. 1001 et seq. (ERISA), to recover benefits due under an employee benefit plan and recover costs and attorneys' fees provided by ERISA.

1

2. Venue is proper in this District Court under 29 USC § 1132(e)(2), in that the subject employee benefit plan and employee insurance program are administered in this District, the breaches of duty herein alleged occurred in this District, or a Defendant resides or may be found in this District, and, 28 USC § 1391(b), in that the cause of action arose in this District.

## PARTIES

3. Plaintiff Willie Davis was at all times herein mentioned a resident of Saint Louis, Missouri. Plaintiff is a vested participant in the Group Insurance Plan (hereinafter "the Plan") for certain employees of BJC HealthCare (hereinafter "BJC"), which provides employee benefits plan within the meaning of 29 USC § 1002, and Plaintiff has the standing to bring this action under 29 USC §1132(a).

4. Defendant, BJC Health System d/b/a BJC HealthCare is a non-profit health care system providing healthcare services to the Saint Louis region. Plaintiff was a full-time employee of Christian Hospital Northwest HealthCare which is affiliated, owned, and operated by BJC HealthCare.

5. Defendant Life Insurance Company of North America, doing business as Cigna Insurance Group (herein "Cigna") and Defendant BJC provide coverage for certain employees of BJC under an employee benefit plan within the meaning of 29 USC §1002(1). In addition, Defendant Cigna is the plan administrator of a long-term disability benefits plan sponsored by Defendant BJC.

6. Defendant Cigna is the insurance company offering long-term disability coverage under the Plan. Defendant Cigna makes decisions in conjunction with Defendant BJC regarding coverage under the plan as one of the claims administrators.

## COUNT I: BENEFITS

COMES NOW, Plaintiff by and through counsel and for Count I of his Complaint against Life Insurance Company of North America, doing business as Cigna and Defendant BJC and states the following:

7. Plaintiff incorporates by references the preceding paragraphs as if fully set out herein.

8. Under the Plan, an Employee is disabled and due benefits if, solely, because of injury or sickness, he or she is:

    - Unable to perform some or all of the material and substantial duties of his or her Regular Occupation; and

    - Unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation, due solely to the same Injury or Sickness.

9. Under the Plan, after benefits have been payable for 24 months, an individual is considered disabled if, solely due to sickness or injury, he/she is:

    - Unable to perform some or all of the material and substantial duties of any occupation for which is or she is, or becomes, qualified based on education, training, or experience; and

    - Unable to earn 80% or more of his or her indexed earnings.

10. Plaintiff was a full-time employee and actively at work for Defendant BJC for approximately thirty-two (32) years. During this time, he was a "covered person" under the Plan and eligible for benefits.

11. First, Mr. Davis was approved for short-term disability from October 1, 2017, through December 23, 2017.

12. Next, Cigna determined that Mr. Davis was disabled under the first definition under the Plan as he could not perform some or all of the material and substantial duties of his own regular occupation and that he could not earn 80% or more of his indexed earnings from working in his own regular occupation due solely to the same injury or sickness.

13. After approval under the "regular occupation" definition, Mr. Davis began receiving long-term disability checks on December 24, 2017.

14. After his long-term disability approval, Mr. Davis remained disabled for the proceeding twenty-four (24) months and thereafter as he is unable to perform the material and substantial duties of any gainful job for which he is reasonably fitted by his education, training, or experience. As such, he is entitled to long-term disability benefits under the Plan.

15. On or about December 23, 2019, after the Plan definition changed to "any occupation," Cigna cut off Plaintiff's benefits.

16. After numerous appeals, Cigna issued a final denial on February 9, 2021.

17. Plaintiff's allegations of disability were supported by the objective clinical findings of his treating physicians, namely Dr. John Rice.

18. Plaintiff alleged that his disability resulted from the following physical defects, including but not limited to:

- Cerebrovascular accident (stroke);
- Hemiplegia (G81.90) (paralysis);
- Drop Foot (M21.371);
- Polyneuropathy (G62.9); and

4

- History of Transient Ischemic Attack (Z86.73).

19. Due to his stroke, Mr. Davis has permanent paralysis to the right side of his body.

20. Plaintiff's treating physician, Dr. John Rice, does not believe Mr. Davis can function in any work setting as he cannot walk or stand without a walker. Dr. Rice further opines that Mr. Davis can never return to work with or without restrictions.

21. Due to his conditions, Mr. Davis has restrictions of no standing, walking, reaching overhead, reaching at desk level, reaching below the waist, no fine manipulation of the right hand, no simple grasp in the right hand, no firm grasp in the right hand. According to Dr. John Rice, each of these findings was supported by objective clinical findings.

22. Dr. Rice also gave further restrictions of no lifting of any negligible amount (0-10lbs), no lifting of 11-20 pounds, no lifting of 51-100 pounds, and no lifting of 100 pounds or more.

23. Mr. Davis is further restricted from carrying any negligible amount (0-10lbs), no carrying 11-20 pounds, no carrying 21-50 pounds, no carrying 51-100 pounds, and no carrying of 100 pounds or more. Additionally, there is no weight he can push or pull and cannot climb stairs or ladders.

24. Mr. Davis's inability to lift or carry any amount of weight severely impacts his employability especially considering he only engaged in medium non-skilled labor as a housekeeper. Additionally, his issues and restrictions to his dominant right hand affecting fine manipulation, grasping, reaching, pushing, and pulling, as well as no standing or walking, eliminates his ability to engage in sedentary work.

25. The Social Security Administration declared Mr. Davis to be disabled. Upon information and belief, Social Security Disability Insurance awarded by the Social

Security Administration is to be given significant weight in a claimant's favor in Cigna's disability analysis. Defendant Cigna failed to do so and has thus violated their own policies and procedures for claims handling, which is a procedural irregularity and evidence of bad faith claims handling.

26. Cigna failed to identify which doctors reviewed Mr. Davis's medical records, only stated that records were reviewed by an "MD" as further evidence of Cigna's bad faith claims handling and procedural irregularities.

27. By clandestinely reviewing Mr. Davis's file with unnamed and masked experts, Plaintiff's appeal rights were significantly prejudiced, so much so that a *de novo* standard of review should apply to this matter.

28. Defendants have not claimed that Plaintiff was not covered under the Plan; they only claim Plaintiff's disability does not preclude him from performing the duties of an occupation that would allow him to earn at least 80% of his indexed earnings.

WHEREFORE, Plaintiff moves for judgment on benefits against Defendant, Life Insurance Company of North America d/b/a, Cigna, and Defendant BJC, for interest, attorney's fees, and such further relief as the Court deems appropriate.

## COUNT II: BREACH OF FIDUCIARY DUTY

COMES NOW, Plaintiff and for Count II against Life Insurance Company of North America, d/b/a/, Cigna and Defendant BJC states the following:

29. Plaintiff incorporates by reference the preceding paragraphs as if fully set out herein.

30. At all times herein mentioned, Mr. Davis was an employee of Defendant BJC.

31. Defendant Cigna owed Mr. Davis, the fiduciary duty of trust and competence for offering long-term disability benefits and administration of benefits long-term disability coverage.

32. Defendant Cigna is a fiduciary acting with authorization from Defendant BJC with the same duties and responsibilities owed to Mr. Davis as Defendant BJC.

33. Defendants acted arbitrarily and capriciously in denying Mr. Davis's claim while breaching their fiduciary duty to Plaintiff by giving greater weight to non-independent medical examiners over Plaintiff's treating physicians and disregarding/failing to adhere to their own claims manual relating to Mr. Davis's Social Security Disability Insurance award.

34. Defendants' denial of the Plaintiff's long-term disability claim breaches their fiduciary duty owed to Mr. Davis as he was a vested participant in their long-term disability benefit program and paid premiums for coverage.

35. Upon information and belief, Defendant Cigna is engaging in a pattern and practice of a fraudulent denial of disability claims in this case and others including S.T. (name confidential), R.G. (name confidential), R.P. (name confidential), D.D. (name confidential), G.W. (name confidential), and by hiring consultants, practitioners, or medical doctors who introduce false evidence in the claim's process, who misstate treating physician's findings, who ignore substantial and competent evidence, all to make more money for the company. These other cases are similar to Plaintiff's case in several respects, including:

- They are all claims of long-term disability, the parties are all over 50 years old, all have obtained Social Security Disability income, none have done any work for years.

- Cigna approved all but one of all of them for an extended period, then cut them off after the definition of disability changed when they were already on Social Security, hired consultants who said they weren't disabled and either made up things or falsely claimed the person could do tests or physical activities that the person(s) could not perform, and denied their claims.

- In each of the above cases, Cigna used the Social Security decision to offset their monthly benefits so they would pay less to the insured Plaintiffs and required them to apply for Social Security, but then ignored or discounted the final Social Security decisions after they said they don't follow Social Security decisions, even though they used the decision to reduce the person's benefits.

- Several of the cases involve participants of Plans sponsored by hospital systems for healthcare workers or employees of health care systems.

- In each case, Cigna denied objective evidence of the disability.

36. As a result of these breaches of fiduciary duty, Defendants wrongfully retained benefits under the Plan and have been unjustly enriched in a presently unknown amount.

37. Pursuant to 29 U.S.C 1132 (a)(1), Plaintiff seeks legal and equitable relief, including a surcharge, restitution, reformation of the contract, and injunction against

Defendants to prohibit breach of fiduciary duty in similar cases in the future and to benefit all Plan participants from suffering from Defendants' misconduct.

WHEREFORE, Plaintiff moves for judgment on breach of fiduciary duty against Defendant, Life Insurance Company of North America d/b/a, Cigna, and Defendant BJC for damages, interest, attorney's fees, and such further relief as the Court deems appropriate.

Respectfully submitted,

**BOLLWERK & TATLOW**

By:   //S// *J. Thomas Mihalczo III*
Phillip A. Tatlow, #41364MO
J. Thomas Mihalczo III, #70248MO
Bollwerk & Tatlow, LLC
10525 Big Bend Boulevard
Kirkwood, MO 63122
(314) 315-8111 (314) 315-8113 (Fax)
jtm@bollwerktatlow.com
pat@bollwerktatlow.com